UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01675-HDV-AGRx | Date | July 14, 2025 |
| Title | *Omid Delkash v. Kristi Noem et al.* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **IN CHAMBERS—ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [5]**

Before the Court is Plaintiff Omid Delkash's *ex parte* application seeking a temporary restraining order to enjoin Defendant Kristi Noem as the Secretary of Homeland Security (the "Government") from deporting Plaintiff to a third country and to order his immediate release from detention. *Ex Parte* Application for a Temporary Restraining Order ("Application") [Dkt. No. 5]. For the reasons set forth below, the Application is ***granted in part*** and ***denied in part***.

Federal Rule 65 grants district courts the power to issue injunctions and retraining orders. Fed. R. Civ. P. 65. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showings required for a temporary restraining order and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm absent the injunction, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). Where the non-movant is a government entity, "the third and fourth factors…merge." *Fellowship of Christian Athletes v. San Jose Unified School District Board of Education*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

The Court finds that Plaintiff is entitled to a temporary restraining order barring his removal to a third country. He has, to the date of this Application, received a dearth of due

process regarding his re-detention and threatened removal. Application at Declaration of Omid Delkash in Support of Application at 6–7; ("Delkash Decl.") ¶ 16 [Dkt. No. 5-1]. All he knows is that he was told he was being detained "because [he] is from Iran" and that he was "going to South Sudan." Delkash Decl. ¶¶ 12, 13. The Supreme Court has "long held," and recently reaffirmed, that "no person shall be removed from the United States without opportunity, at some time, to be heard." *A.A.R.P. v. Trump*, 605 U.S. ---, 145 S. Ct. 1364, 1367 (2025); *see also*. "Due process requires notice that is reasonably calculated, under all the circumstances, to apprise interested parties and that affords a reasonable time [] to make an appearance." *Id.* at 1367–1368 (quotation modified). That includes, at the very least, "information about how to exercise due process rights to contest removal," not given here. *Id.* at 1368. The irreparable harm is acute when the Government, after removing Plaintiff to "the custody of a foreign sovereign," would argue that "no U.S. court ha[s] jurisdiction to order relief." *Id.* at 1367. What's more, in cases of removal, "there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Nken v. Holder*, 556 U.S. 418, 436 (2009). In light of the "weighty" interests at stake, the Court "temporarily enjoin[s] the Government from removing [Plaintiff] while the question of what [process] is due is adjudicated." *Id.* at 1369.[1]

However, the Court finds on this record that Plaintiff has not made the requisite showing of a likelihood of success on the merits to warrant immediate release from custody. Detention, release, and removal of individuals ordered removed is governed by Title 8 U.S.C. Section 1231 ("§ 1231), with Section 1231(a) applying to individuals, like Plaintiff, with pending "withholding only" proceedings. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022); *See* Application at 7–8 (relying on Section 1231(a)). A noncitizen shall be removed within 90 days of the removal order, subject to a potential 90-day extension. § 1231(a)(1). If not removed within the removal period, the noncitizen "shall be subject to supervision under regulations prescribed by the Attorney General," which include statutorily mandated conditions. § 1231(a)(3). The noncitizen may be detained beyond the removal period, but if released, "shall be subjection to the terms of supervision in paragraph (3)." § 1231(a)(6).

Plaintiff was detained by the Government in 2000 for removal predicated on preceding criminal convictions, but his application for withholding of removal to Iran was granted. However, he was released without any order of supervision that would put him on notice as to any actions that would subject him to redetention. Application at 3; Delkash Decl. ¶ 9. Plaintiff argues that this lack of written supervision order violates his Fifth Amendment right to due process, as well as the Government's own regulatory scheme. Application at 10. But the

---

[1] On June 23, 2025, the Supreme Court stayed a preliminary injunction issued by a district court in Maryland that enjoined the Government from removing "any alien" to a "country not explicitly provided for on the alien's order of removal without following enumerated procedures set by that court. *Department of Homeland Security v. D.V.D.*, --- U.S.---, 145 S. Ct. 2153 (2025) (Mem.), *clarified by* --- U.S. ---, --- S. Ct. ---, 2025 WL 1832186 (July 3, 2025). The Supreme Court did not explain what it found wanting in the district court's injunction. In the context of subsequent clarification and the decision in *Trump v. CASA, Inc.*, 606 U.S. ---, --- S.Ct. ---, 2025 WL 1773631 (June 27, 2025), it is apparent that the Supreme Court's qualms with the injunction stemmed from the scope of relief; prohibiting "any alien" from removal to a third country absent specifically delineated procedures. This Court will heed the Supreme Court's guidance and limit the relief to this Plaintiff and limit the relief to keeping the status quo during the pendency of this litigation.

Government retains the ability to arrest and detain pursuant to a warrant pending decisions on removal, *see* 8 U.S.C. § 1226(a), which the Government allegedly told Plaintiff it had when making the detention, albeit on a legally dubious basis.  Delkash Decl. ¶ 12 ("The officer stated ,' I have a federal warrant for you because you are from Iran.'").  The Government also retains discretion to revoke release and return the noncitizen to custody on a number of grounds, most of which depend on what the reasons are for the release in the first place.  *See, e.g.*, 8 C.F.R. §§ 241.13(i)(2), 241.4(l).  Without more evidence—from both parties—it is impossible for the Court to evaluate Plaintiff's request for release—a form of relief that amounts to a mandatory injunction, *see Fellowship of Christian Athletes*, 82 F.4th at 684 ("[M]andatory injunctions are particiarly disfavored…and place a higher burden on the plaintiff to show the facts and law clearly favor the moving party.") (quotation modified).

      In light of the foregoing, the Application is ***granted in part*** and ***denied in part***.  The Government is hereby enjoined from deporting Plaintiff to a third country.  This TRO will expire in 14 days.  A preliminary injunction hearing is set for July 24, 2025, at 9:00 a.m.  Plaintiffs shall file their opening brief and related submissions no later than July 16, 2025.  Defendants shall file their opposition no later than July 29, 2025.  No reply brief will be accepted.  The Court will accept a stipulated briefing schedule extending these dates on the condition that the parties agree to an extension of the temporary restraining order.

**IT IS SO ORDERED.**